**SO ORDERED.**

**SIGNED this 25 day of April, 2006.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WILSON DIVISION

IN RE:

JAMES EARL BURNETTE and
MAXINE NIXON BURNETTE,

      Debtors.                                    Case No. 06-00152-8-JRL
                                                                  Chapter 13

_____

## ORDER

      This matter is before the court on the request for an order confirming that the stay is terminated filed by Capital One Auto Finance ("Capital One"). On April 12, 2006, the court conducted a hearing in Wilson, North Carolina.

      Capitol One is a creditor in the debtors' case, secured by a 2001 Toyota Camry. The debtors filed a previous Chapter 13 case, which was dismissed on November 2, 2005. Their current case was filed on January 19, 2006. Capital One asserts that, pursuant to 11 U.S.C. § 362(c)(3)(A), the automatic stay terminated on the thirtieth day after the petition was filed, as the debtors never filed a motion to extend the

stay. It seeks an order confirming that the stay is no longer in place.

Under 11 U.S.C. § 362(c)(3)(A), if a debtor has a previous bankruptcy case dismissed within the year preceding the current bankruptcy case, the stay "with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case." In In re Paschal, Judge Small found that the use of the word "action" in this provision "means a formal action, such as a judicial, administrative, governmental, quasi-judicial, or other essentially formal activity or proceeding." 337 B.R. 274, *15 (Bankr. E.D.N.C. 2006). If no "action" was taken by the creditor prior to the current bankruptcy filing, the stay does not automatically terminate as to that creditor. Id. at *17-18.

At the hearing, Capital One acknowledged that it had taken no formal action against the debtors in the prior bankruptcy case or in the interim before the current case was filed. This court has previously indicated it will adhere to Judge Small's decision in Paschal. See In re Parker, Case No. 06-00350-8-JRL (Bankr. E.D.N.C. Mar. 10, 2006). As there was no showing that Capital One has taken action to collect its debt or reclaim its collateral, the stay has not automatically terminated pursuant to § 362(c)(3)(A). Accordingly, the request filed by Capital One is denied.

"End of Document"